14-4266
United States v. Vasquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fifteen.

PRESENT:   GUIDO CALABRESI,
                       GERARD E. LYNCH,
                                           *Circuit Judges*,
                       JED S. RAKOFF,
                                           *District Judge.*[*]
_____

UNITED STATES OF AMERICA,
            *Appellee*,

                        v.                                               No.     14-4266

PIERRE VASQUEZ, a/k/a Peter,
            *Defendant-Appellant.*

_____

APPEARING FOR APPELLANT:            JILLIAN    S.    HARRINGTON,    Monroe
                                                          Township, New Jersey (Martin J. Siegel, New
                                                          York, New York, *on the brief*).

APPEARING FOR APPELLEES:            JESSICA K. FENDER, Assistant United States
                                                          Attorney (Amy Lester, Assistant United States
                                                          Attorney, *on the brief*), *for* Preet Bharara,
                                                          United States Attorney for the Southern District
                                                          of New York, New York, New York.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *J.*, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Pierre Vasquez appeals his sentence of 56 months for a Grade B violation of a term of his supervised release, U.S.S.G. § 7B1.1(a)(2), imposed in connection with his underlying conviction for conspiracy to distribute, and possess with intent to distribute, cocaine, 21 U.S.C. § 846, a Class A felony. Vasquez violated his release terms by committing a second-degree assault, N.Y. Penal Law § 120.05, on police officers who attempted to arrest him after they discovered cocaine in a suitcase in the trunk of the car he was driving. We assume the parties' familiarity with the facts and procedural history, and reference them only as necessary to explain our reasoning.

First, Vasquez argues that the district court erred in finding that he knew about the cocaine in the suitcase. He claims that the government failed to prove this fact by a preponderance of the evidence, and that the court should have credited his account that the cocaine was placed in the car by his passenger without his knowledge. The district court based its finding on the facts stipulated by the parties, including the fact that he attempted to flee when he was apprehended, see United States v. Mundy, 539 F.3d 154, 157 n.2 (2d Cir. 2008) ("[P]roof of flight may be received as evidence of consciousness of guilt."); on Vasquez's extensive history of drug offenses; and on Vasquez's own testimony and its credibility, see United States v. Medunjanin, 752 F.3d 576, 589 (2d Cir.

2

2014) ("We may not disturb the factfinder's credibility assessments or its choices between permissible inferences."). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 585. The district court therefore did not clearly err in finding that Vasquez more likely than not knew about the cocaine in the car.

Next, Vasquez challenges his sentence as substantively unreasonable, arguing that the district court failed to follow the Guidelines Manual's admonition that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. ch. 7, pt. A.3(b). Vasquez claims that the district court instead impermissibly based its sentence on (1) the "unsubstantiated" finding regarding the cocaine in the suitcase, (2) his criminal history, (3) the government's "vindictive" recommendation of 60 months of imprisonment, and (4) the fact that this was the government's only opportunity to hold Vasquez responsible for the narcotics-related conduct constituting his violation of supervised release, which Vasquez claims the government would be unable to prove in a criminal trial. In fact, although the district court considered Vasquez's criminal history and the conduct underlying the violation, the primary reason why it imposed a sentence above the Guidelines' recommendation of 12 to 18 months of imprisonment, see U.S.S.G. § 7B1.4, was precisely Vasquez's violation of the district court's trust. The district court emphasized the very lenient sentence that Vasquez had requested and had been given in connection with his underlying conviction.

3

Indeed, during that earlier sentencing, Vasquez had acknowledged that an extended period of incarceration would be appropriate were he to fail to abide by the terms of his release. Vasquez's violation of his supervised release, given the district court's lenity, was a clear breach of trust, for which the district court was justified in imposing a sentence beyond the Guidelines' recommendation. The 56-month sentence Vasquez received was within the permissible statutory range, see 18 U.S.C. § 3583(e)(3) (providing a five-year maximum sentence for violations of supervised release when the underlying conviction was for a Class A felony), and it was amply justified by Vasquez's conduct in violating the terms of supervised release after successfully arguing for a lenient sentence based on claims of rehabilitation, see United States v. Rubin, 743 F.3d 31, 39-40 (2d Cir. 2014) (a sentence is substantively reasonable unless it "cannot be located within the range of permissible decisions").

Finally, Vasquez argues that his sentence was procedurally unreasonable because the district court failed properly to consider the 18 U.S.C. § 3553(a) sentencing factors and sufficiently to explain its reasons for departing from the Guidelines range. However, the Sentencing Commission's sentencing ranges for violations of supervised release are "policy statements rather than formal guidelines." United States v. Verkhoglyad, 516 F. 3d 122, 128 (2d Cir. 2008). "[A] court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence . . . need not be as specific as has been required when courts departed from *guidelines* that were, before Booker, considered to be mandatory." Id. at 132-33 (alteration omitted). In this case, the district court explicitly

stated that it considered the statutory factors, giving an account of the nature and circumstances of Vasquez's violation, describing Vasquez's criminal history, and noting that Vasquez's lenient sentence in the underlying case represented a significant "break" that failed to dissuade Vasquez from reverting to criminal behavior. The district court provided sufficient reasons for its sentence and showed that it appropriately considered the § 3553(a) factors.

We have considered Vasquez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk